

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 2, 2014

<u>By email and ECF</u>

The Honorable Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:   <u>In re WorldCom, Inc.</u>, No. 11 Civ. 5463 (KBF)

Dear Judge Forrest:

      This Office represents the Internal Revenue Service (the "IRS" or the "government") in the above-named action.  We write respectfully in response to the debtors' motion for reconsideration of this Court's order of December 11, 2013, directing the government to submit a proposed judgment by January 6, 2014.

      The government joins the debtors' request for a remand of this action to the bankruptcy court, albeit for different reasons.  Debtors seek a remand so that the parties can litigate the amount of the IRS's claim and other unspecified defenses debtors may assert.  The government does not concede that there are any issues remaining to litigate, or that the debtors have effectively reserved any rights to raise any defenses to the validity or amount of the IRS's request for payment.

      Nevertheless, the government agrees that this Court's role does not include entry of judgment, and that remand to the bankruptcy court is appropriate.  This Court has jurisdiction over this matter under 28 U.S.C. § 158(a), i.e., "to hear appeals" from the bankruptcy court's orders and judgments.  Because this Court's jurisdiction is exclusively appellate, the proper course upon determination of the issue that has been appealed is to remand to the bankruptcy court, which has the power to "enter appropriate orders and judgments."  28 U.S.C. § 157(b)(1); *see* Amended Standing Order of Reference, No. 12 Misc. 32 (S.D.N.Y. Jan. 31, 2012), *available*

Hon. Katherine B. Forrest   page 2
January 2, 2014

*at* http://www.nysd.uscourts.gov/rules/StandingOrder_OrderReference_12mc32.pdf (referring all bankruptcy matters to the bankruptcy court pursuant to § 157(a)).[1]

    Accordingly, the government respectfully joins debtors' request that this Court's order directing the submission of a proposed judgment be vacated, and the matter be remanded to the bankruptcy court for further proceedings.

    Thank you for your consideration.

                                          Respectfully,

                                          PREET BHARARA
                                          United States Attorney

                            By:    /s/ Benjamin H. Torrance
                                          BENJAMIN H. TORRANCE
                                          Assistant United States Attorney
                                          Telephone: 212.637.2703
                                          Fax: 212.637.2702
                                          E-mail: benjamin.torrance@usdoj.gov

cc:    Alfredo Pérez, Esq.

---

[1] The court of appeals in this case decreed that "the case is remanded for further proceedings consistent with this Opinion," without specifying to which court the case was remanded. *In re WorldCom, Inc.*, 723 F.3d 346, 365 (2d Cir. 2013) (capitalization omitted). Generally, when the court of appeals does indicate the court to receive the remand following an appeal from a district court's appellate decision under 28 U.S.C. § 158(a), it has either remanded to the district court with instructions to remand to the bankruptcy court, *e.g.*, *In re Zarnel*, 619 F.3d 156 (2d Cir. 2010); *In re WestPoint Stevens*, 600 F.3d 231 (2d Cir. 2010); *In re Ames Dep't Stores, Inc.*, 582 F.3d 422 (2d Cir. 2009); *Kuhl v. United States*, 467 F.3d 145 (2d Cir. 2006); or remanded directly to the bankruptcy court, *e.g.*, *In re Megan-Racine Associates, Inc.*, 102 F.3d 671 (2d Cir. 1996); *In re Persky*, 893 F.2d 15 (2d Cir. 1989).